UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| DANIEL CHASE,                )    |   |
|                              )    |   |
|     Plaintiff                )    | 1:20-cv-00287-JAW |
|                              )    |   |
|   vs.                        )    |   |
|                              )    |   |
| JEFFREY KINNEY, DANIEL       )    |   |
| PLACE, DAVID FARRAR, MICHEL  )    |   |
| PINA, AND DYLAN HALL,        )    |   |
|                              )    |   |
|     Defendants               )    |   |

**DEFENDANTS, CITY OF BANGOR, MARK HATHAWAY, JEFFREY KINNEY, DANIEL PLACE, DAVID FARRAR, MICHEAL PINA, JERMAINE WALKER, JASON STEWART AND DYLAN HALL'S MOTION TO DISMISS AND/OR JUDGMENT ON THE PLEADINGS PURSUAN TO F.R.Civ.P. RULE   12(b)(4), (5), and (6) WITH INCORPORATED MEMORANDUM OF LAW**

   **NOW COME** the "Bangor Defendants" (collectively listed in numbers 1 – 9 below) by and through their counsel, Richardson, Whitman, Large & Badger, and hereby jointly move for dismissal under the provisions of Federal Rules of Civil Procedure 12(b)(6) as to all City of Bangor Defendants and in addition Federal Rules of Civil Procedure 12(b)(4) and (5) as to the City of Bangor, Mark Hathaway, Jermaine Walker and Jason Stuart.  In further support thereof, the Bangor Defendants state as follows:

The Complaint lists the following Bangor Defendants.

1) The City of Bangor

2) Jeffery Kinney (Bangor PD)

3) Daniel Place (Bangor PD)

4) David Farrar (Bangor PD)

5) Jermaine Walker (Bangor PD)

6) Mark Hathaway (Chief Bangor PD)

7) J. Stuart (Bangor PD)

8) Michael Pina (Bangor PD)

9) Dylan Hall (Bangor PD)

## I. THE RULE 12(b)(6) STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's claim may be dismissed for "failure to state a claim upon which relief can be granted." Under F.R. Civ. P. 8(a), a plaintiff need only submit "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* (internal quotations and citations omitted).

"[O]n a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)) (internal quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal quotations and citations omitted). "The pleading must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 Wright & Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

## II. **INTRODUCTION**

The Complaint is replete with conspiracy theories, speculation and references to law but void of the specific facts necessary to survive a Motion to Dismiss. As the Complaint states, Mr. Chase was pulled over for an expired registration. His lengthy diatribe apparently transcribed from audio recordings at the scene (Page ID 74, Page 10 of 58) gives some insight about that issue and his demeanor at the stop. Plaintiff is telling the officer why his passenger vehicle does not need to be registered. He states that, "Title 29-A Section 101, Subsection Section 15a" did not apply to his passenger vehicle

coupled with this assertion "You see until I am given RAS (reasonable articulable suspicion) I have every reason not to follow any orders because you have no authority" (Page 14 of 58 Page ID 78). Defendants direct the Court to a Transcript created by Plaintiff and attached to the Complaint in consideration of this Motion. It puts the entire stop in context (beginning at Page ID 38 through 58 (32 of 58).

### III. DISMISSAL PURSUANT TO F.R.CIV.P. 12(b)(4), (5), and (6)

Defendant City of Bangor, Mark Hathaway, Jermaine Walker, and J. Stuart move for dismissal under the Provisions of F.R.Civ.P. 12 (b) (4), (5), and (6). These Defendants are referenced in this responsive pleading, but Defendants assert lack of service as to these Defendants. Counsel for the City accepted Service for the five (5) persons requested by Plaintiff. These four persons were not included.

### IV. ALLEGATIONS AGAINST THE INDIVIDUAL DEFENDANTS

A.  <u>Officer Kinney</u>—Officer Kinney is mentioned throughout the Complaint. Claims against Officer Kinney are addressed separately below.

B.  <u>Defendants Mark Hathaway, Jermaine Walker, J. Stuart and Michael Pina</u>—The Defendants not even mentioned in the body of the Complaint are Mark Hathaway, Jermaine Walker, J. Stuart, and Michael Pina. As such, there is no basis for claims against them. Apparently, Walker and Pina were present at the scene. Nothing in the Complaint states the requisite allegations.

The Defendants who are referenced in the Complaint and who are alleged to have made statements and/or participated are isolated for the Court's convenience.

C. <u>Daniel Place</u>—Alleged to have said, "Clean that up," "What's that," "I won't have to see nothing" (Complaint at 31).

D. <u>Dylan Hall</u>—Alleged to have said, "Daniel Chase," "Don't say it's alright" (Complaint at 31).
"You know he was wrong." (Complaint at 33), "They already (inaudible) it again" (Complaint at 33).

E. <u>David Farrar</u>—"Alright," "Help me stand him up," (x2) (Complaint at 32).

F. <u>Unknown Officers</u>—All there is for this group is an inadmissible transcript of alleged statements none of which state sufficient facts to state a cause of action.

It does not appear from these statements there is a cause of action against these Defendants and no other allegations are present. Simply, being there and saying something is not sufficient for any cause of action alleged by Plaintiff.

**WHEREFORE**, "Bangor Defendants" pray the Court dismiss Plaintiff's Complaint in its entirety as against them with prejudice and for such other and further relief as the Court finds just and proper. Counsel addresses Officer Kinney separately below.

## V.    SPECIFIC ALLEGATIONS AS AGAINST OFFICER KINNEY - ADA

The Plaintiff was pulled over on outer Broadway, Bangor, Maine.  His Complaint does not allege an illegal stop.  The Complaint focuses on what occurred after the stop.  The first allegation is that because a vehicle has handicapped plates, the occupant/driver of that vehicle must be disabled.  Obviously, the most it could do was raise a question that perhaps an occupant may have a disability.  The Complaint begins claiming violation of the ADA by Officer Kinney (Complaint at Statement of Claim, Section 1 and 2, Page ID 10).  Plaintiff claims he was denied effective communication.  The entitled effective communication he claims was a response to his question about why he was pulled over.  Based on the Officer's refusal to immediately respond his question the Complaint alleges a violation of the ADA as well as a violation of the First Amendment (Complaint, Sec 3 at Paragraph 8).  An Officer's decision when or if to answer that question is not a violation of anything.  All the Plaintiff states is that he kept asking the same question incessantly (18 times).  As the Officer had no obligation to answer, there is no claim.  In addition, The Officer did answer his question (See Complaint Page 9 of 58, Page ID 73).  This resulted in the diatribe described above about the application of a Motor Vehicle Statute and Plaintiff's legal authority to not comply.

The other ADA claim is the allegation of Failure to accommodate.  The specific allegation is the failure to accommodate his request that he be handcuffed "in front" by Officer Kinney.  The Defendants point the Court to P. 35 of the Plaintiff's Complaint where Plaintiff inserts the in-trial testimony of Officer Kinney that he used "two sets of

handcuffs" in an effort not to stress his (Plaintiff's) lower back.  The Plaintiff's own Complaint can and should be used at this stage.  He does not even allege the statement is untrue.  Defendants would, if answering, admit to the fact that Officer Kinney accommodated his back issue by using two sets of handcuffs.  This certainly demonstrates a "reasonable accommodation" even if it was not what Plaintiff wanted.

The Plaintiff's Complaint itself, demonstrates he was accommodated and as a result, the ADA claim should be dismissed.  On the cognitive issue as it relates to the ADA, Plaintiff does not allege he told the Officer he had a cognitive issue.  It would not have been evident during a stop.  As Plaintiff told the Court in his Motion for the Appointment of Counsel, he was not stupid, and he can do complex analysis.  Nothing in the Complaint supports an inference that his alleged cognitive issue was anything an Officer would, could or should have known in this brief encounter.  Therefore, the ADA claims against Officer Kinney (and all other Defendants) should be dismissed.  While two handcuffs were not the precise way Plaintiff wanted to be cuffed, the method was objectively reasonable even without the benefit of a Qualified Immunity analysis to which the Officer is entitled.  The allegation that Officer Kinney failed to alert other Officers that the Plaintiff had a disability does not state a claim under the ADA.  This is assuming the ADA even applies to this occurrence.

Defendants understand the difficulty in these cases.  Defendant understands the analysis by the Court would include the competing concerns of Title II of the ADA and the Doctrines of the Necessity of Reasonable Force and Qualified Immunity to achieve a

result that gives each of these competing concerns their due.  This is a traffic stop at night and occurring in a private driveway.  There is no specific allegation in the Complaint that Plaintiff asked to be handcuffed in front only that he did not want to be handcuffed behind his back, and "Can I please put my hands in front of me" (Complaint Page ID 52). He states he told the Officer he had fused vertebrae "so he would be handcuffed in front." He did ask that cuffs be removed and that was denied.  The Complaint states he told Officer Kinney, "I can't do that" when they were attempting to handcuff behind the back. His allegation is that the Officer had a duty to stop trying to handcuff him.  Officer Kinney used two sets of handcuffs.  Officer Kinney accommodated the Plaintiff.  Under these facts, the actions of Officer Kinney were objectively reasonable for both the ADA and the civil rights claim.  The Complaint is crystal clear.  Plaintiff did not comply with the Officer's directives.  (Complaint at 38-58.)  This includes his refusal to return to the seat of his car.

Defendants understand that as to excessive force claims they are fact specific. Even in the light most favorable to Plaintiff, he was hit in the chest once (P3; "Picked up Plaintiff off the ground and pushed him against a car," P4 "and took him to the ground with a knee in the back") The Complaint contains transcripts. While the Defendants may contest them, the Court can use them, as they are part of the Complaint.  The Court will note the Officer had Mace, and told Mr. Chase if he continued resisting, he would use it. There is no allegation he did (Complaint at Page 26).

Apparently, the learning disability did not prevent the Plaintiff from inquiries about "articulable suspicion" or stating "you already committed a battery." Certainly not indicators of an individual not understanding the situation. Apparently, his confusion was limited to an inability to understand, "Are you going to cooperate" but not arguments about specific law applicable to stops. None of the actions of the Officer was lethal force and mace was mentioned but not used. Under these facts, the Complaint should warrant dismissal. The Complaint is just an unadorned, "The Defendant harmed me accusations." See *Blanco v. Bath Iron Works*, 802 F. Supp. 215, 221 (D. ME 2011). Even in the relaxed requirements for Pro-Se litigants, the Complaint does not set forth plausible factual allegations. *Dumont v Reilly Foods Co*, 934 F 3d 35, 39-40 (1st Cir 2019). The mere litany of implausible conspiracy theories contained in the Complaint should not survive a Motion to Dismiss.

**WHEREFORE**, all "Bangor Defendants" pray the Court dismiss Plaintiff's Complaint in its entirety as against them with prejudice and for such other and further relief as the Court finds just and proper.

## VI.     **ALLEGATIONS OF FILING AND FALSIFICATION OF POLICE REPORT**

The next category is the alleged filing and falsification of a police report(s). These allegations relate to Officer Kinney and a "deputy." (Presumably an Officer of the Penobscot County Sheriff's Department.) This is claimed to be a violation of Due Process. There is no specificity. It states, "Both Officer Kinney and the Deputy filed

falsified police reports thereby violating Due Process, committing fraud… and obstructing justice" (Page 4 of 58, Page ID 10 at Paragraph 9)  It is well settled that bald allegations such as these without specificity are insufficient as a matter of law.

The other miscellaneous allegations are:

1) Kinney presented himself as a serious threat (in court) for the purpose of witness tampering.  There are insufficient allegations in the Complaint to survive a Motion to Dismiss on this.

2) The Bangor Police Department violated RICO act engaging in a criminal conspiracy (see No. 3).  Plaintiff presents no facts.

3) The Bangor Police Department deprived Plaintiff of Due Process by withholding, falsifying, tampering with, or destroying Brady/Giglio Material and falsifying reports.  These (Nos. 2 & 3) "conspiracy claims" and all others as to all Defendants should be dismissed.  A Complaint alleging a conspiracy to deprive Plaintiff of his civil rights cannot survive dismissal based on conclusory allegations of conspiracy, which are not supported by references to material facts.  *Slotnick v. Staviskey*, 560 F.2d 31; (1977).  It is the law in this and other Circuits that complaints cannot survive a Motion to Dismiss if they contain conclusory allegations of conspiracy, but do not support their claims with references to material facts.  *Dunn v. Gazzola*, 216 F.2d 709, 711 (1st Cir. 1954); *Kadar Corp. v. Milbury*, 549 F.2d 230 (1st Cir. 1977).  This would include the "RICO" claim referenced in the Complaint.

    4)     The allegation that Officer Kinney committed perjury at trial. There would be immunity for trial testimony, and Plaintiff has no cause of action for "Perjury." The alleged fraudulent testimony was, "I warned him if he does not comply that he will be pepper sprayed." This is identical to the transcript Plaintiff put in his Complaint (P 26). There are no facts even stating what exactly the perjury actually was. The Complaint needs more to state a claim alleging fraud as such claims must be plead with specificity (F.R.Civ.P. 9 (b)). This Complaint is as deficient in facts as it is profuse in unsubstantiated theories.

    The Plaintiff's State Law claims of Intentional infliction of Emotional Distress or any other intentional act are time barred under the Maine Tort Act 14 M.R.S.A. Section 8110 and the Statute of Limitations for Intentional Acts, 14 M.R.S.A. Section 753. They expired April 16, 2020.

    The Plaintiff states, "Both Kinney and the deputy falsified evidence." There are no facts to support this. He states multiple cruiser video were withheld but does not have any factual support, not who, when, where or what. The best he can come up with is that "The Kinney's body mic was turned off on the way to jail." Apparently, the Plaintiff's "smoking gun" allegation is that the Officer said at one point Chase kicked him before he went to the ground. In the cruiser, he allegedly said the kick came when he (Chase) fell down. The third was the alleged transcript where Kinney is alleged to have said, "While down you were kicking me." Even if true, these minor semantic differences and not having a body mic operating on the way to jail, do not support the allegation of falsifying

and fraud, which as the Court is aware must be plead with specificity. To suggest those differences were part of some grand conspiracy is absurd. Even in the light most favorable to the Plaintiff, this Complaint fails. The "cherry picked" portions of his trial transcripts are insufficient evidence even at this stage. The transcript demonstrates only a non-compliant individual resisting, kicking and arguing at every process of a traffic stop. Here is an example, See Complaint at Page 45 (39 of 58):

Chase:     "Please knee off my back."

Kinney:    "If I let off are you going to cooperate?"

Chase:     "I'll get up."

Kinney:    "Are you going to cooperate?"

Chase:     "I'll get up if I can."

Kinney:    "Are you going to cooperate?"

Chase:     (finally) "I'll try, yes."

While Plaintiff claims he did not know what the undefined word "cooperate" meant, he answered after the third time in the affirmative without additional explanation. This coming from the same individual spouting about articulable suspicion on why he was stopped. He was told multiple times (Complaint Page ID 73, Line 22). His registration expired in October (6 months prior).

Defendants agree Plaintiff got out of his vehicle. Defendants understand the degree of force necessary is a fact-based inquiry and without the testimony of Officer Kinney, the Complaint must be read in the light most favorable to the non-moving party. Even as challenging as it is for Defendants at this stage, this Complaint warrants dismissal. This Complaint should be dismissed as it fails to state a plausible claim against Officer Kinney. As to the other Defendants, the analysis is much easier, as nothing is alleged but baseless conspiracy.

**WHEREFORE**, all "Bangor Defendants" pray the Court dismiss Plaintiff's Complaint in its entirety as against them with prejudice and for such other and further relief as the Court finds just and proper.

## VII. ALLEGATIONS AGAINST THE DEFENDANT CITY OF BANGOR

There are insufficient facts alleged against the City of Bangor on Plaintiff's 42 USC 1983 claim even if service were made. He attempts to address training in Paragraphs 13 through 18 of the Complaint. He opines what police training ought to be, and the makes an allegation that "Kinney failed completely." This is insufficient to meet the standard required in *Monell*. *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978).

## VIII. OTHER CLAIMS

The Plaintiff created a laundry list of eight (8) Amendments. None of which are supported by the alleged facts. There are no facts to support an equal protection claim. It

is hard to fathom how the 13th Amendment relating to slavery applies to the alleged facts. It is a common error, but an error nonetheless, to talk of "ninth amendment rights." The ninth amendment is not a source of rights as such; it is simply a rule about how to read the Constitution. Again, no facts to support a claim. The Eighth Amendment is inapplicable. There are no allegations to state a claim under the Eighth or Fifth Amendment. Nothing indicated Plaintiff was being required to speak just comply.

## IX.     MISSED DEADLINES BY PLAINTIFF

Lastly, Defendants make note to the Court that the Plaintiff has already missed a deadline ordered by the Court. This, in and of itself, could warrant dismissal and is within the discretion of the Court.

**WHEREFORE**, for the reasons as stated above "Bangor Defendants" pray the Court grant their Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) and F.R.Civ.P. 12(b)(4) and (5) and dismiss Plaintiff's Complaint in its entirety as against them with prejudice and for such other and further relief as the Court finds just and proper.

## X.     CONCLUSION

For all the reasons stated, Bangor Defendants pray Plaintiff's Complaint be dismissed in its entirety with prejudice and for such other and further relief as the Court finds just and appropriate.

DATED:     January 21, 2021

                                        /s/ Frederick F. Costlow

                                        _____
                                        Frederick F. Costlow, Esq.   (Bar No. 3823)
                                        Richardson Whitman Large & Badger
                                        One Merchants Plaza, Suite 302
                                        PO Box 2429
                                        Bangor, ME 04402-2429
                                        (207) 945-5900; fcostlow@rwlb.com

                                        Attorney for Bangor Defendants

## CERTIFICATE OF SERVICE

This is to certify that on this 21st day of January 2021, Bangor Defendants' Joint Motion to Dismiss All Claims of Plaintiff Daniel Chase Pursuant to F.R.Civ.P. 12(b)(6) and F.R.Civ 12(b)(4) and (5) with Incorporated Memorandum was electronically filed with the Court using the CM/ECF system, which will see a conformed copy of this filing will be served upon the following:

1.   Daniel Chase, Pro Se Plaintiff

By Regular U.S. Mail at:

Daniel Chase
177 Brann Road
Levant, ME 04456

2.   Frederick F. Costlow, Esq.; Attorney for Bangor Defendants; VIA EMAIL at fcostlow@rwlb.com.

/s/ Frederick F. Costlow

_____
Frederick F. Costlow, Esq.   (Bar No. 3823)
Richardson Whitman Large & Badger
One Merchants Plaza, Suite 302
PO Box 2429
Bangor, ME 04402-2429
(207) 945-5900; fcostlow@rwlb.com

Attorney for Bangor Defendants