UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL L. CHASE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:20-cv-00287-JAW |
| | ) |
| CITY OF BANGOR, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION ON DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

In his amended complaint, Plaintiff alleged that various defendants violated his constitutional rights and the Americans with Disabilities Act (ADA) in connection with Plaintiff's arrest in April 2018. (Complaint, ECF No. 1.) On Defendants' motion to dismiss, the Court dismissed Plaintiff's claims except for Plaintiff's claim against Defendant City of Bangor under Title II of the ADA and Plaintiff's claim against Defendant Kinney for excessive force. (Recommended Decision, ECF No. 18; Order Affirming Recommended Decision, ECF No. 34.) The matter is before the Court on Defendants' motion for summary judgment. (Motion, ECF No. 39.)

Following a review of Defendants' motion and the record, I recommend the Court grant Defendants' motion for summary judgment.

## BACKGROUND FACTS[1]

During the evening of April 16, 2018, Plaintiff was stopped for an expired registration on the motor vehicle he was operating. (DSMF ¶¶ 1, 5.) Plaintiff pulled his vehicle into a private driveway and exited the vehicle. (*Id.* ¶ 3.) Defendant Kinney instructed Plaintiff to return to his vehicle, but he did not and approached Defendant Kinney. (*Id.* ¶¶ 4, 6.)

When Plaintiff was within arm's reach of Defendant Kinney, Defendant Kinney pushed him out of arm's reach using an open-handed push. (*Id.* ¶¶ 7, 8.) Defendant Kinney decided to arrest Plaintiff and tried to gain control of Plaintiff's hands, but Plaintiff was non-compliant. (*Id.* ¶ 9.) Defendant Kinney threatened use of a spray to gain compliance, but he did not use the spray. (*Id.* ¶ 10.) As Defendant Kinney attempted to gain control of Plaintiff's hands, Plaintiff kicked Defendant Kinney in the shin; Defendant Kinney then decided to take Plaintiff to the ground for safety reasons. (*Id.* ¶¶ 12, 13.)

Plaintiff requested not to be handcuffed and subsequently asked to be handcuffed in front. (*Id.* ¶ 17.) Defendant Kinney used two sets of handcuffs to place Plaintiff's hands at his sides, which was a position Defendant Kinney observed Plaintiff maintain his hands prior to application of the handcuffs. (*Id.* ¶¶ 18-20.) Defendant Kinney believed the

---

[1] The facts are derived from Defendants' statement of material facts (DSMF, ECF No. 40). District of Maine Local Rule 56 requires that as part of the summary judgment practice, the parties file statements of material facts "as to which the moving party contends there is no genuine issue of material fact." D. Me. Loc. R. 56(b). A party who opposes a motion for summary judgment must "admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation as required by [Local Rule 56]." D. Me. Loc. R. 56(c). Plaintiff has not complied with Local Rule 56. The facts, therefore, are derived from Defendants' statement of material facts.

handcuffs were necessary for his safety and that use of two sets of handcuffs would not injure Plaintiff. (*Id.* ¶ 20.)  Plaintiff sustained no injury and refused medical treatment at the scene. (*Id.* ¶¶ 14, 15.)

### SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "After the moving party has presented evidence in support of its motion for summary judgment, 'the burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor.'"  *Woodward v. Emulex Corp.*, 714 F.3d 632, 637 (1st Cir. 2013) (quoting *Hodgens v. Gen. Dynamics Corp.*, 144 F.3d 151, 158 (1st Cir.1998)).

A court reviews the factual record in the light most favorable to the non-moving party, resolving evidentiary conflicts and drawing reasonable inferences in the non-movant's favor.  *Hannon v. Beard*, 645 F.3d 45, 47-48 (1st Cir. 2011).  If the court's review of the record reveals evidence sufficient to support findings in favor of the non-moving party on one or more of his claims, there exists a trial-worthy controversy and summary judgment must be denied as to the supported claims.  Unsupported claims are properly dismissed.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses.").

## DISCUSSION

### A.      Excessive Force Claim

Plaintiff contends Defendant Kinney applied excessive force when he took him down to the ground and applied two sets of handcuffs.  The Fourth Amendment prohibits unreasonable searches and seizures and provides that no warrant shall issue except on a showing of probable cause.  U.S. Const. amend. IV.  Excessive force claims are evaluated under the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake."  *Id.* at 396 (some internal quotation marks omitted) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)).  In the context of force applied to make an arrest, the relevant factors for consideration include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  *Id.* (the so-called *Graham* factors).

"The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.  A court's assessment must also account for the fact that "police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396 – 97.  The test is an objective one: courts ask "whether

4

the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

The record establishes that when Plaintiff refused to comply with the officers' directives and continued to approach Defendant Kinney, Defendant Kinney pushed Plaintiff with an open hand. After Plaintiff kicked Defendant Kinney, Defendant Kinney took Plaintiff to the ground and decided to handcuff him. Rather than use one set of handcuffs, Defendant Kinney used two sets to accommodate Plaintiff's concern about being handcuffed in the back. The record lacks any evidence of injury to Plaintiff.

A reasonable fact finder could not make an excessive force determination because the facts show nothing more than use of that "'degree of physical coercion' typically attendant to an arrest." *Pena-Borrero v. Estremeda*, 365 F.3d 7, 12 (1st Cir. 2004) (quoting *Graham*, 490 U.S. at 396.) Defendant Kinney, therefore, is entitled to summary judgment on Plaintiff's excessive force claim.[2]

**B.     ADA Claim**

In his amended complaint, Plaintiff alleges that the City of Bangor satisfied its obligations under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied

---

[2] Even if the record generated a factual issue in dispute as to whether Defendant Kinney's actions were objectively reasonable, Defendant Kinney would be entitled to qualified immunity. A government official is entitled to qualified immunity unless she or he violates a constitutional right that was "clearly established" when they engaged in the conduct at issue. *Hunt v. Massi*, 773 F.3d 361, 367 (1st Cir. 2014). "[T]he clearly established law must be 'particularized' to the facts of the case." *White v. Pauly*, 137 S. Ct. 548, 552 (2017). The Court is not aware of any authority that clearly established that an officer who takes an individual to the ground after the individual kicked the officer, who uses two sets of handcuffs to handcuff the individual more comfortably, and who does not injure the individual, violated clearly established law regarding the appropriate use of force under the circumstances.

the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  The First Circuit has noted that "the services, programs, and activities of a municipal police department are generally subject to the provisions of Title II of the ADA." *Gray v. Cummings*, 917 F.3d 1, 16 (1st Cir. 2019) (citing *Haberle v. Troxell*, 885 F.3d 170, 179-80 (3d Cir. 2018); *Gorman v. Barth*, 152 F.3d 907, 912 (8th Cir. 1998)).  As explained in the recommended decision on Defendants' motion to dismiss, however, several questions exist regarding the extent to which Title II applies to Plaintiff's encounter with Defendant Kinney. (Recommended Decision at 12-16.)

Assuming, as the First Circuit did in *Gray*, that Title II applies, to prevail on his claim, Plaintiff must establish

> (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Buchanan v. Maine*, 469 F.3d 158, 170-71 (1st Cir. 2006) (quoting *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000)).

> Courts have recognized at least two types of Title II claims applicable to arrests: (1) wrongful arrest, where police wrongly arrest someone with a disability because they misperceive the effects of that disability as criminal activity; and (2) reasonable accommodation, where, although police properly investigate and arrest a person with a disability for a crime unrelated to that disability, they fail to reasonably accommodate the person's disability in the course of investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees.

6

*Sheehan v. City & Cnty. of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014) (citing *Waller ex rel. Estate of Hunt v. City of Danville,* 556 F.3d 171, 174 (4th Cir. 2009); *Gohier v. Enright,* 186 F.3d 1216, 1220–21 (10th Cir. 1999)).

If the Court assumes Plaintiff is disabled due to a back condition as alleged in the amended complaint, the principal issue is whether Plaintiff can satisfy the second element of a Title II claim.  As discussed in the recommended decision, the First Circuit has identified two general theories for meeting the second prong of a claim under Title II when an officer is alleged to have violated the ADA in executing an arrest:

> The first such theory (which we shall call the "effects" theory) holds that a violation may be found when "police wrongly arrested someone with a disability because they misperceived the effects of that disability as criminal activity."  *Gohier v. Enright*, 186 F.3d 1216, 1220 (10th Cir. 1999).  The second such theory (which we shall call the "accommodation" theory) holds that a violation may be found when police officers "properly investigated and arrested a person with a disability for a crime unrelated to that disability, [but] they failed to reasonably accommodate the person's disability in the course of the investigation or arrest, causing the person to suffer greater injury or indignity in that process than other arrestees."  *Id*. at 1220-21.

*Gray*, 917 F.3d at 15. (Recommended Decision at 14-15.)

On Defendants' motion to dismiss, the Court determined that Plaintiff's allegations did not support an "effects" claim, but could support an "accommodation" claim based on the manner in which Plaintiff was handcuffed. (Recommended Decision at 15-16.)  The summary judgment record establishes that Defendant Kinney granted Plaintiff's request not to be handcuffed behind his back and thus accommodated Plaintiff's disability. Defendant Kinney used two sets of handcuffs to place Plaintiff's hands at his sides, a position Plaintiff placed his hands voluntarily without apparent discomfort before he was

handcuffed.  Given the lack of record evidence to the contrary, there is no issue or trial-worthy controversy regarding the reasonableness of the accommodation Defendant Kinney provided.  Accordingly, Defendant City of Bangor is entitled to summary judgment on Plaintiff's ADA claim.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant Defendants' motion for summary judgment and enter judgment in favor of Defendants on Plaintiff's remaining claims.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of November, 2021.