UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL L. CHASE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:20-cv-00287-JAW |
| CITY OF BANGOR, et al., | ) ) ) |
| Defendants. | ) ) |

**ORDER AFFIRMING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

On August 6, 2020, Daniel Chase filed a pro se complaint against the City of Bangor and eight Bangor police officers (Defendants) in connection with an incident in which he was allegedly "repeatedly assaulted by Bangor officers." *Compl.* at 4 (ECF No. 1). On July 30, 2021, the Court affirmed the recommended decision of the Magistrate Judge to grant in part and deny in part the Defendants' motion to dismiss. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 34) (*Order Affirming Recommended Decision on Mot. to Dismiss*); *see also Order on Mot. for Leave to Amend Compl. and Mot. to Appoint Counsel/Recommended Decision on Defs.' Mot. to Dismiss* at 1 (ECF No. 18). Pursuant to that order the Court dismissed all claims except Mr. Chase's Americans with Disabilities Act (ADA) claim against the city of Bangor and Mr. Chase's excessive force claim against Officer Jeffrey Kinney pursuant to 42 U.S.C. § 1983. *See Order Affirming Recommended Decision on Mot. to Dismiss* at 4.

On August 3, 2021, the remaining Defendants, Jeffrey Kinney and the city of Bangor, filed a notice of intent to file a motion for summary judgment. *Defs., City of Bangor and Jeffrey Kinney's Notice of Intent to File Mot. for Summ. J. and Need for Pre-Filing Conference* (ECF No. 35). On September 2, 2021, the Court held a Local Rule 56(h) pre-filing conference with the parties. *Min. Entry* (ECF No. 38). On September 14, 2021, the Defendants filed their motion for summary judgment with supporting exhibits, *Defs., City of Bangor and Jeffrey Kinney's Joint Mot. for Summ. J.* (ECF No. 39), and their statement of material facts, *Defs., City of Bangor and Jeffrey Kinney's, Joint Statement of Material Facts* (ECF No. 40). Mr. Chase did not respond to the Defendants' motion for summary judgment.

On November 16, 2021, the Magistrate Judge issued a recommended decision on the Defendants' motion for summary judgment recommending that the Court grant summary judgment in favor of the Defendants. *Recommended Decision on Defs.' Mot. for Summ. J.* at 8 (ECF No. 41) (*Recommended Decision*). After admitting all the Defendants' facts pursuant District of Maine Local Rule 56,[1] *see Recommended Decision* at 1-2 & n.1, the Magistrate Judge concluded that Officer Kinney was entitled to summary judgment on Mr. Chase's excessive force claim, and that the city

---

[1] The Court agrees with the Magistrate Judge's treatment of the facts under Local Rule 56. Because Mr. Chase did not respond to the Defendants' motion for summary judgment, and therefore did not contest the Defendants' statements of material fact, it was proper for the Magistrate Judge to admit all of the Defendants' facts, which are adequately supported by record citations. *See also Perez-Corder v. Wal-Mart P.R.*, 440 F.3d 531, 533-34 (1st Cir. 2006) ("When a non-moving party fails to file a timely opposition to an adversary's motion for summary judgment, the court may consider the summary judgment motion unopposed, and take as uncontested all evidence presented with that motion. While an unopposed summary judgment motion still must be scrutinized in accordance with Fed. R. Civ. P. 56, . . . [i]n most cases, a party's failure to oppose summary judgment is fatal to its case").

of Bangor was entitled to summary judgment on Mr. Chase's Americans with Disabilities Act claim. *See id.* at 4-8.

Regarding Mr. Chase's excessive force claim against Officer Kinney, the Magistrate Judge concluded that under the reasonableness factors enumerated in *Graham v. Connor*, 490 U.S. 386, 388 (1989), "[a] reasonable fact finder could not make an excessive force determination [in this case] because the facts show nothing more than use of that "'degree of physical coercion" typically attendant to an arrest.'" *Recommended Decision* at 4-5 (quoting *Pena-Borrero v. Estremeda*, 365 F.3d 7, 12 (1st Cir. 2004)). Citing the factual record, the Magistrate Judge reasoned that Mr. Chase "refused to comply with the officers' directives" and "kicked Defendant Kinney," at which point "Defendant Kinney took Plaintiff to the ground and decided to handcuff him." *Id.* at 5. However, "[r]ather than use one set of handcuffs, Defendant Kinney used two sets to accommodate Plaintiff's concern about being handcuffed in the back." *Id.* The Magistrate Judge further reasoned that even if Officer Kinney had not acted in an objectively reasonable manner, he would nonetheless be entitled to qualified immunity because it was not "clearly established that an officer who takes an individual to the ground after the individual kicked the officer, who uses two sets of handcuffs to handcuff the individual more comfortably, and who does not injure the individual, violated clearly established law regarding the appropriate use of force under the circumstances." *Id.* at 5 n.2.

The Magistrate Judge also recommended granting summary judgment on Mr. Chase's ADA claim in favor of the city of Bangor. The Magistrate Judge concluded

that the facts did not support Mr. Chase's "accommodation" claim under Title II of the ADA based on the manner in which Mr. Chase was handcuffed. *See id.* at 7-8. The Magistrate Judge explained that based on the record, "Defendant Kinney granted Plaintiff's request not to be handcuffed behind his back and thus accommodated Plaintiff's disability." *Id.* at 7. The Magistrate Judge noted in particular that "Defendant Kinney used two sets of handcuffs to place Plaintiff's hands at his sides, a position Plaintiff placed his hands voluntarily without apparent discomfort before he was handcuffed." *Id.* at 7-8. The Magistrate Judge concluded that "[g]iven the lack of record evidence to the contrary, there is no issue or trial-worth controversy regarding the reasonableness of the accommodation Defendant Kinney provided." *Id.* at 8.

Neither Mr. Chase nor the Defendants objected to the Magistrate Judge's Recommended Decision and, as just described, the Court views the Magistrate Judge's factual findings and legal analysis as compelled by the record before him.

The Court reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and made a de novo determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court concurs with the recommendations of the Magistrate Judge for the reasons set forth in his Recommended Decision.

      1. The Court AFFIRMS the Recommended Decision of the Magistrate Judge (ECF No. 41).

      2. The Court GRANTS the Defendants' Motion for Summary Judgment (ECF No. 39)

4

SO ORDERED.

                                                   /s/ John A. Woodcock, Jr.
                                                   JOHN A. WOODCOCK, JR.
                                                   UNITED STATES DISTRICT JUDGE

Dated this 7th day of March, 2022