UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL L. CHASE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00287-JAW |
| | ) | |
| CITY OF BANGOR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION AND
MOTION FOR ORAL ARGUMENT**

The Court denies a late-filed petition/motion for reconsideration of a judgment
entered one year previously on the ground that the movant has failed to demonstrate
a good reason for the delay in his filing or that his motion is meritorious. The Court
also denies his request for oral argument because, given the apparent absence of
merit, the Court does not view oral argument as productive or appropriate.

## I. BACKGROUND

On August 6, 2020, Daniel L. Chase, acting pro se, filed a complaint in this
court against the city of Bangor, Maine and eight Bangor Police Officers, some
unknown officers, and a Penobscot County Deputy Sheriff. *Compl.* (ECF No. 1). On
October 26, 2020, Mr. Chase filed an amended complaint. *Am. Compl.* (ECF No. 7).
On January 21, 2021, the Defendants filed a motion to dismiss Mr. Chase's complaint.
*Defs., City of Bangor, Mark Hathaway, Jeffrey Kinney, Daniel Place, David Farrar,
Micheal Pina, Jermaine Walker, Jason Stewart, and Dylan Hall's Mot. to Dismiss*

*and/or J. on the Pleadings Pursuant to F.R. Civ. P. 12(b)(4), (5), and (6)* (ECF No. 12). On February 1, 2021, Mr. Chase filed a motion for leave to amend his complaint. *Mot. to Am. Compl.* at 4 (ECF No. 14) ("I move the Court to allow a new complaint created with the assistance of a Court appointed lawyer"). On April 13, 2021, the Magistrate Judge granted his motion to amend. *Order Granting Mot. to Am.* (ECF No. 19). On April 13, 2021, the Magistrate Judge issued a recommended decision in which he recommended that the Court grant in part and deny in part the Defendants' motion to dismiss. *Order on Mot. for Leave to Am Compl. and Mot. to Appoint Counsel/Recommended Decision on Defs.' Mot. to Dismiss* (ECF No. 18). On July 30, 2021, the Court affirmed the recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 34).

On September 14, 2021, the Defendants filed a motion for summary judgment. *Defs., City of Bangor and Jeffrey Kinney's Jt. Mot. for Summ. J.* (ECF No. 39). On November 16, 2021, the Magistrate Judge issued an order, recommending that the Court grant the motion for summary judgment. *Recommended Decision on Defs.' Mot. for Summ. J.* (ECF No. 41). On March 7, 2022, the Court affirmed the Magistrate Judge's recommended decision, *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 44), and on the same day, judgment issued against Mr. Chase and in favor of the Defendants. *J.* (ECF No. 45). Mr. Chase did not appeal the judgment.

On March 7, 2023, Mr. Chase filed a petition or motion for reconsideration. *Pet./Mot. for Recons.* (ECF No. 46) (*Mot. for Recons.*). On March 10, 2023, the

Defendants filed an opposition to the petition/motion for reconsideration. *Defs., City of Bangor and Jeffrey Kinney's, Jt. Resp. in Obj. to Pl. Daniel Chase's Mot for Recons. (ECF 46)* (ECF No. 48). On March 20, 2023, Mr. Chase filed a request to hold an oral petition. *Mot. for Oral Pet.* (ECF No. 49). On March 24, 2023, the Defendants objected to the request for oral petition. *Defs., City of Bangor, et al.'s, Jt. Resp. in Obj. to Pl. Daniel Chase's Mot. for Oral Pet (ECF 49)* (ECF No. 50).

## II. DISCUSSION

Mr. Chase's motion for reconsideration is too late and non-meritorious. Under Federal Rule of Civil Procedure 59(e), a party wishing to alter or amend a judgment must file a motion "no later than 28 days after the entry of judgment." As judgment was entered on March 7, 2022 and Mr. Chase filed his post-judgment motion on March 7, 2023, a motion under Rule 59(e) is untimely.

Rule 60 of the Federal Rules of Civil Procedure allows for a motion for relief from a judgment under certain circumstances. The rule provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.

> (1) Timing. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

FED. R. CIV. P. 60(b-c). Mr. Chase has not advanced a specific Rule 60 reason in support of his motion and the Court considers it to be grounded in Rule 60(b)(6)'s "any other reason that justifies relief" provision.[1]

Rule 60(b)(6) grants federal courts "broad authority" to vacate final judgments provided that the motion is made within a reasonable time. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988). The Supreme Court has interpreted Rule 60(b)(6)'s "any other reason justifying relief" as requiring a showing of "'extraordinary circumstances' suggesting that the party is faultless in the delay." *Davila-Alvarez v. Escuela de Medicina Universidad Cent. del Caribe*, 257 F.3d 58, 67 (1st Cir. 2001) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993)). The high threshold required by Rule 60(b)(6) reflects the need to balance finality of judgments with the need to examine possible flaws in the judgments. *See Paul Revere Variable Annuity Ins. Co. v. Zang*, 248 F.3d 1, 5 (1st Cir. 2001) ("'There

---

[1] Mr. Chase has not suggested that the judgment was due to a mistake, surprise, or excusable neglect, (Rule 60(b)(1)), that he has newly discovered evidence that could not have been discovered before the judgment was entered, (Rule 60(b)(2)), or that the judgment was produced by fraud, (Rule 60(b)(3)). If any of these grounds had been asserted, the timing of Rule 60 motions would be restricted by a one-year limitations period. FED. R. CIV. P. 60(c)(1). Assuming Mr. Chase squeezed under the one-year limitation period, Rule 60(c)(1) still provides that he must have made his motion within "a reasonable time." 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRACTICE AND PROCEDURE § 2866 (2012 ed.) (The one-year time limit is considered "an extreme limit" and the motion "may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired."). There is no information in this record that would allow the Court to conclude that if he is proceeding under any of these grounds, he filed the motion within a reasonable time of the date of judgment. Nor has Mr. Chase argued that the judgment is void (Rule 60(b)(4)) or that the judgment has been satisfied or an earlier judgment has been reversed (Rule 60(b)(5)). As the grounds under Rule 60(b)(1-5) for a Rule 60 motion are not apparent on the record and have not been argued, the Court restricted its analysis to the catchall provision of Rule 60(b)(6) ("any other reason that justifies relief").

must be an end to litigation someday' and therefore district courts must weigh the reasons advanced for reopening the judgment against the desire to achieve finality in litigation.") (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).

To balance the "competing policies" of finality of judgments and resolving litigation on the merits, courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially meritorious claim or defense, which, if proven, could bring him success at trial, and (4) the likelihood of unfair prejudice to the opposing party. *Bouret-Echevarría v. Caribbean Aviation Maint. Corp*, 784 F.3d 37, 43 (1st Cir. 2015). (citation omitted).

As best the Court can understand the bases for the motion, Mr. Chase mentions (1) a neuropsychiatric evaluation dated November 29, 2021 by Dr. Malissa Kraft, a copy of which he attached to the motion; (2) the Court's "unwillingness to use American English", (3) a denial of due process based on Mr. Chase's inability to understand the proceedings; (4) alleged factual misrepresentations by defense counsel; (5) the denial of the right to make legal arguments; (6) the asserted obligation of law enforcement to presume that everyone is disabled, and (7) allegedly ineffective communications from the court. *Mot. for Recons.* at 1-6. But Mr. Chase raised or could have raised each of these issues before entry of judgment, and his failure to do so does not justify a late-filed post-judgment motion.

To summarize, Mr. Chase has not proffered a good reason for why his motion could not have been filed sooner. Mr. Chase filed the motion a full year after judgment, and he presented no grounds under which the Court could conclude that his delay was justified by extraordinary circumstances. In addition, the record does not reveal a potentially meritorious claim or defense that could lead to success at trial. Thus, the Court concludes that Mr. Chase has not met the "extraordinary circumstances" requirements of Rule 60 that could justify a delayed post-judgment motion under Rule 60.

## III. CONCLUSION

The Court DENIES Daniel Chase's Petition/Motion for Reconsideration (ECF No. 46) and, based on this Court's evaluation of the merits of the petition/motion, the Court does not conclude that oral argument would be helpful and therefore DENIES Daniel Chase's self-styled Motion for Oral Petition (ECF No. 49).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of April, 2023