UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL L. CHASE,                )
                                )
        Plaintiff,            )
                                )
v.                              )   No. 1:20-cv-00287-JAW
                                )
CITY OF BANGOR, et al.,         )
                                )
        Defendants.           )

**ORDER DENYING MOTION FOR PETITION**

Daniel Chase returns insisting that his First Amendment right to petition has been violated because the Court did not allow him to appear in person in court and orally present his petition. The Court rejects his most recent motion because it is too late and because, contrary to his assertion, the right to petition does not include the right to make an oral presentation in federal court unanchored to a pending case.

**I.    BACKGROUND**

    **A.    Procedural History**

On August 6, 2020, Daniel L. Chase, acting pro se, filed a complaint in this court against the city of Bangor, Maine and eight Bangor Police Officers, some unknown officers, and a Penobscot County Deputy Sheriff. *Compl.* (ECF No. 1). On October 26, 2020, Mr. Chase filed an amended complaint. *Am. Compl.* (ECF No. 7). On January 21, 2021, the Defendants filed a motion to dismiss Mr. Chase's complaint. *Defs., City of Bangor, Mark Haraway, Jeffrey Kinney, Daniel Place, David Farrar, Michel Pina, Jermaine Walker, Jason Stewart, and Dylan Hall's Mot. to Dismiss*

*and/or J. on the Pleadings Pursuant to F.R. Civ. P. 12(b)(4), (5), and (6)* (ECF No. 12). On February 1, 2021, Mr. Chase filed a motion for leave to amend his complaint. *Mot. to Am. Compl.* at 4 (ECF No. 14) ("I move the Court to allow a new complaint created with the assistance of a Court appointed lawyer"). On April 13, 2021, the Magistrate Judge granted his motion to amend. *Order Granting Mot. to Am.* (ECF No. 19). On April 13, 2021, the Magistrate Judge issued a recommended decision in which he recommended that the Court grant in part and deny in part the Defendants' motion to dismiss. *Order on Mot. for Leave to Am Compl. and Mot. to Appoint Counsel/Recommended Decision on Defs.' Mot. to Dismiss* (ECF No. 18). On July 30, 2021, the Court affirmed the recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 34).

On September 14, 2021, the Defendants filed a motion for summary judgment. *Defs., City of Bangor and Jeffrey Kinney's Jt. Mot. for Summ. J.* (ECF No. 39). On November 16, 2021, the Magistrate Judge issued an order, recommending that the Court grant the motion for summary judgment. *Recommended Decision on Defs.' Mot. for Summ. J.* (ECF No. 41). On March 7, 2022, the Court affirmed the Magistrate Judge's recommended decision, *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 44), and on the same day, judgment issued against Mr. Chase and in favor of the Defendants. *J.* (ECF No. 45) (*J.*). Mr. Chase did not appeal the judgment.

On March 7, 2023, Mr. Chase filed a petition or motion for reconsideration. *Pet./Mot. for Recons.* (ECF No. 46) (*Mot. for Recons.*). On March 10, 2023, the

Defendants filed an opposition to the petition/motion for reconsideration. *Defs., City of Bangor and Jeffrey Kinney's, Jt. Resp. in Obj. to Pl. Daniel Chase's Mot for Recons. (ECF 46)* (ECF No. 48). On March 20, 2023, Mr. Chase filed a request to hold an oral petition. *Mot. for Oral Pet.* (ECF No. 49). On March 24, 2023, the Defendants objected to the request for oral petition. *Defs.. City of Bangor, et al's, Jt. Resp. in Obj. to Pl. Daniel Chase's Mot. for Oral Pet (ECF 49)* (ECF No. 50). On April 14, 2023, the Court issued an order denying Mr. Chase's motion for reconsideration and motion for oral argument. *Order Denying Mot. for Recons. and Mot. for Oral Argument* (ECF No. 51) (*Order*).

### B. Daniel Chase's Motion for Petition

On June 13, 2023, Mr. Chase wrote this Judge a letter, seeking "a time where I can engage in oral petition with you." *Letter from Daniel Chase to John Woodcock* at 1 (June 13, 2023) (ECF No. 52) (*Mot. for Pet.*). Mr. Chase instructs this Judge to "[p]ay attention here" and writes that he is "not asking for anything having to do with a typical Court process. I am specifically asking for petition and nothing else. Petition is for redress of grievances not part of a court case." *Id.* Mr. Chase notes that this is "the third time I have asked you for a time to engage in oral petition. I was shocked to see a judge violate his constitutional duties and to misstate or ignore 2 requests for petition: a right that is clearly stated in the constitution itself." *Id.* Mr. Chase stresses that he is "under no obligation to explain why I desire petition before receiving the right of petition. However, because you apparently have a difficult time understanding that concept I will partially explain why I seek petition

3

with you." *Id.* Mr. Chase then engages in a "legal history" lesson in which he explains (among other things) that in *Texas v. White*, the United States Supreme Court recognized that the United States Constitution is the supreme law of the land. *Id.*

## II. DISCUSSION

### A. Request for Reconsideration

It is difficult to know what Mr. Chase intends with his June 13, 2023 letter. If he is seeking a reconsideration of the Court's earlier rulings in his case, he is much too late. Judgment was entered against him and in favor of the Defendants on March 7, 2022. *J.* In its April 14, 2023 order, the Court carefully explained to Mr. Chase why his March 7, 2023 motion was too late and if his March 7, 2023 was too late, his June 13, 2023 letter motion is all the more so. The Court will not reiterate here what it has already said on the timeliness issue. *Order* at 1-6.

### B. Right of Petition

It seems that Mr. Chase holds the view that the petition clause of the First Amendment grants him the right to come physically before a federal judge and insist that the judge listen to his petition even if the petition is unanchored to a pending case. If so, he is wrong.

The First Amendment provides:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peacefully to assemble, and to petition the Government for a redress of grievances.

U.S. CONST., am. 1. As the United States Supreme Court has explained, the "Petition Clause protects the right of individuals to appeal to courts and other forums

4

established by the government for resolution of legal disputes." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011). "[T]he right to access to the courts for redress of wrongs is an aspect of the First Amendment right to petition the government." *Id.* (quoting *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883, 896-97 (1984)). But the right of access under the Petition Clause is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Based on Supreme Court precedent, Mr. Chase is simply incorrect in insisting that the Petition Clause grants him the right to physically come to the federal court and make an oral petition to a federal judge untethered to an existing case, or in his words, to redress "grievances not part of a court case." *Mot. for Pet.* at 1. The District of Maine fully satisfied Mr. Chase's right of petition by providing the legal process for the filing of a civil complaint and the orderly processing of his complaint under the procedural rules of court and application of the law. In short, the Court gave Mr. Chase the full measure of his right to petition when it considered his complaint under the rules of procedure of the federal courts and the law of this country. The mere fact the Court decided the case against him does not mean that his right to petition was dishonored.

## III. CONCLUSION

The Court DENIES Daniel Chase's Motion for Petition (ECF No. 52).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 14th day of June, 2023